[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15704
Non-Argument Calendar
_____

D. C. Docket No. 07-00030-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERRELL WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(August 20, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant pled guilty pursuant to a plea agreement to an Information that

charged him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and the district court sentenced him to a prison term of 87 months. He now appeals his sentence, contending that the district court incorrectly calculated his sentence range under the Sentencing Guidelines because it held him accountable for pornographic images that he had deleted from his computer before he knew he was under criminal investigation. Accordingly, the court should have calculated his sentence range to include only the images that were currently accessible to him.

Appellant did not object to the district court's decision to hold him accountable for the deleted images. We therefore review the court's decision for plain error.[1] We will correct a plain error when (1) there is an error, (2) that is plain, and (3) that affects substantial rights. Bennett, 472 F.3d at 831. If all three conditions are met, we may then "exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Plain error means an error that is "clear" or "obvious." United States v.

---

[1] "It is the law of this circuit that a failure to object to allegations of fact in a [presentence investigation report] admits those facts for sentencing purposes" and precludes the argument that such facts contained error. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). "Challenges to the [report] must be asserted with specificity and clarity . . . [o]therwise the objection is waived. United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

2

<u>Olano</u>. 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).  "At a minimum, court of appeals cannot correct an error . . . unless the error is clear under current law." <u>Id</u>.  "The error must be so 'plain' the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." <u>United States v. Frady</u>, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).  "When neither the Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." <u>United States v. Moriarty</u>, 429 F.3d 1012, 1019 (11th Cir. 2005).

Given the lack of binding authority on the Guidelines-calculation-issue presented, we conclude that the district court did not plainly err by including previously deleted images in the total number of images for purposes of calculating Walker's advisory guideline range.

AFFIRMED.